UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY



TIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE

50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ  07101-0419
(973) 645-6340

WILLIAM J. MARTINI
    JUDGE

LETTER OPINION

June 8, 2009

Moshe Maimon, Esq.
Holly Peterson, Esq.
Levy Phillips & Konigsberg
101 Grovers Mill Road #200
Lawrenceville, NJ 08648

Arnold Lakind
Szaferman Lakind
101 Grovers Mill Road
Lawrenceville, NJ 08648
*Attorneys for Plaintiff*

Steven Satz, Esq.
Hoagland Longo
40 Paterson Street
PO Box 480
New Brunswick, NJ 08903
*Attorneys for Defendant National Gasket, Inc.*

Michael Lazarus, Esq.
McGivney Kluger
23 Vreeland Road, Suite 220
Florham Park, NJ 07932

Robert Quirk, Esq.
Quirk & Bakalor
845 Third Avenue
New York, NY 10022-6601
*Attorneys for Defendant Robert Bosch LLC*

Russell Pepe, Esq.
Harwood Lloyd
130 Main Street
Hackensack, NJ 07601
*Attorneys for Defendant Carlisle Companies*

Richard O'Leary
McCarter & English
100 Mulberry Street
Four Gateway Center
Newark, NJ 07102
*Attorneys for Defendant Standard Motor Products, Inc.*

Bernard E. Kueny, Esq.
Mary S. Cook, Esq.
Wilbraham Lawler & Buba
24 Kings Highway West
Haddonfield, NJ 08033
*Attorneys for Defendant Maremont Corporation*

> Re:  *Florence Diane St. John, Individually and as Administrator ad prosequendum of the Estate of Harold St. John v. Affinia Group, Inc.*, et al
> <u>Civil Action No. 09-2501 (WJM)</u>

Dear Counsel:

      This matter comes before the Court on Defendant Maremont's motion to stay the May 29, 2009 order of this Court remanding the above- captioned action to state court, pending appeal to the Third Circuit. Oral arguments were held telephonically on June 1, 2009. For the reasons stated below, Defendant's motion is **GRANTED**.

## BACKGROUND

      This personal injury and wrongful death action was originally filed by Plaintiff

2

Florence Diane St. John ("St. John") in the Superior Court of New Jersey, Middlesex County, on June 19, 2008 (Pl.'s Order to Show Cause ¶ A). The complaint was amended several times to add additional defendants and reflect the death of Plaintiff Harold St. John ("Decedent") (Pl.'s Order to Show Cause ¶ B). Trial was scheduled to commence in the Superior Court on May 26, 2009. At approximately 9 a.m. that morning, immediately prior to the start of jury selection, Plaintiff notified the court and the parties that it had reached a settlement with one of the defendants, Honeywell International ("Honeywell") and that Honeywell would therefore no longer be a party to the action. Honeywell was the last remaining defendant in the case with a principal place of business or domicile in the state of New Jersey (Pl.'s Order to Show Cause ¶¶ D-F).

Shortly thereafter, jury selection began (Pl's Order to Show Cause ¶ G). Throughout the morning and early afternoon of May 26, both Plaintiff and Defendants actively participated in the selection process. Defendants exercised multiple peremptory and for- cause challenges to potential jurors. At the same time and without giving any indication to the state court that it was considering removal to federal court, Defendant Maremont ("Maremont") conferred with the other parties to determine the existence of diversity jurisdiction pursuant to Honeywell's dismissal and drafted removal papers (Pl's. Order to Show Cause ¶ I). Then, at 2:54 p.m., Maremont electronically filed its notice of removal with the United States District Court for the District of New Jersey and at 2:59 p.m., filed a copy of the notice with the state court clerk's office. Shortly thereafter, Maremont provided copies to the state court judge and Plaintiff, alerting them to the removal (Dfdt's Motion to Stay 3). The notice was signed by all Defendants. After learning of the filing, the state court judge temporarily halted jury selection.

On May 27, 2009, Plaintiff filed an order in federal court to show cause why the matter should not be remanded to New Jersey state court. This Court considered the papers submitted by Plaintiff and heard oral arguments from all parties. The Court concluded that the case should be remanded and issued an order to that effect. Based upon the remand, the state court ordered jury selection and trial to resume on June 2, 2009.

On May 29, 2009, Maremont filed a motion to stay the remand order, pending appeal to the Third Circuit. Maremont simultaneously filed a notice of appeal and an application to the Third Circuit Court of Appeals. Presently at issue before this Court is: (1) whether Defendants have the right to appeal the remand order; and (2) whether a stay of the remand order is warranted.

## ANALYSIS

Defendant Maremont brings this motion to stay pending appeal pursuant to Fed. R. Civ. P. 62(c) and Fed. R. App. P. 8. As explained below, the Court finds that Defendants have the right to appeal and that a stay of the remand order pending appeal is warranted.

## I. Defendants Can Appeal the May 28, 2009 Remand Order

28 U.S.C. §1447(d) provides in pertinent part that "an order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." On its face, the statutory language appears to bar appellate review of virtually all remand orders. However, the Supreme Court has consistently held that §1447(d) must be read in conjunction with §1447(c) such that the statute only bars review of remand orders based upon the grounds for remand specified in §1447(c), namely a lack of jurisdiction in the federal court. *Carlsbad Tech. Inc. v. HIF Bio, Inc.*, 129 S.Ct. 1862, 1865-1866 (2009); *Thermtron Products v. Hermansdorfer*, 423 U.S. 336, 345-346 (1976). §1447 does not preclude review of an order that was based upon a court's discretionary decision to remand a case. *See Carlsbad,* 129 S.Ct. at 1867 (a court's decision to remand a case rather than exercise supplemental jurisdiction over state law claims once the only federal claim dismissed was reviewable because removal was proper initially and the remand was discretionary).

In the present case, at the time Maremont and the other Defendants removed the case to federal court, removal was jurisdictionally proper. Diversity of citizenship existed and the amount in controversy satisfied the $75,000 threshold. The case was not remanded for lack of jurisdiction. Rather, the case was remanded because Defendants proceeded with trial in state court while simultaneously preparing to remove the case to federal court. Whether or not it was their intention, this conduct enabled Defendants to assess the state court jury pool and then decide whether to remove. This Court concluded that this behavior constituted a waiver of Defendants' right to remove, such that the case had to be remanded.

Because removal was initially proper, the case could have remained in federal court had Plaintiff not raised the issued of waiver. Thus, this Court's decision to remand the case to state court on the grounds of waiver was an exercise of discretion. As such, the remand order does not fall under §1447's purview and can be appealed.

## II. A Stay of the Order is Warranted Pending Appeal

When evaluating a motion for stay pending appeal, the Court must examine the following factors: (1) whether the moving party has demonstrated a likelihood of success on the merits; (2) whether the moving party will be irreparably harmed should the motion be denied; (3) whether the issuance of a stay will cause substantial harm to the other parties in the action; and (4) where the public interest lies. *Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 658 (3d Cir. 1991). The factors need not be rigidly applied or weighed equally and no single factor is determinative of the result. *See Hilton v. Braunskill,* 481 U.S. 770, 777 (1987).

In the present case, both consideration of the public interest and of harm to the

other parties if the stay is granted weigh slightly in favor of the moving party. As Maremont points out in its papers, granting the stay may conserve judicial resources and the only harm to Plaintiff will be a short although not inconsequential delay.

More significant here is the consideration of the likelihood of success on the merits. As discussed above, this Court already concluded that by continuing with jury selection in state court while simultaneously preparing the case for removal to federal court, Defendants waived their right to remove. *See JP Morgan Chase Bank v. Smith*, 2008 WL 2943369 (D.N.J.) (finding that participation in state court proceedings can constitute waiver of a litigant's right to remove the case to federal court); *see also* Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 3721 (3d ed. 2008) (stating that "a state court defendant may lose or waive the right to remove the case to a federal court by taking some substantial offensive or defensive action in the state court action indicating a willingness to litigate in that tribunal before filing a notice of removal with the federal court").

It was incumbent upon Defendants to notify the state court and ask for a brief adjournment as soon as they began contemplating removal. Even if their request had been denied, merely asking would have preserved the right.[1] But Defendants did not ask. As Maremont admits in its own papers, it first realized upon Honeywell's dismissal that the case had possibly become removable. Yet Maremont did not tell the state court of its plans until six hours later, after it filed for removal. During those six intervening hours, Defendants simultaneous prepared their removal documents and continued with jury selection. This course of action enabled Defendants to evaluate the potential jury pool and then decide whether or not to remove. Even if this was not Defendants' intention, permitting this conduct would pave the way for future parties to jury shop. *See Estate of Krasnow v. Texaco, Inc.*, 773 F.Supp. 806 (1991), *as qtd. in JP Morgan Chase Bank v. Smith* 2008 WL 2943369 ("[A] defendant must not be allowed to test the waters in state court and, finding the temperature not to its liking, beat a swift retreat to federal court. Such behavior falls within the very definition of forum-shopping and is antithetical to federal-state court comity"). Defendants' behavior must be found to constitute a waiver and therefore the likelihood that they will succeed upon the merits of their appeal is slim. This factor on its own does not weigh in favor of granting the stay, but significantly, it cannot be examined in isolation.

The most important factor in this examination is the risk of substantial harm to Defendants should the stay be denied. Absent the stay, the state court proceedings would resume. The trial would re-commence and continue to verdict. Should the Third Circuit

---

[1] Indeed, given that the state court judge temporarily adjourned the case that afternoon, as soon as she learned of the removal, it is reasonable to infer that she would have granted an adjournment that morning, had Defendants informed her that they were exploring the possibility of removal and needed a short amount of time to consider their options.

find in favor of Defendants at a later date, there would be scant relief available to them at that time. Thus, however small the likelihood that Defendants will succeed upon the merits, the magnitude of harm that would result would be so great that this Court finds in favor of granting Defendants' motion to stay.

## CONCLUSION

For the reasons stated above, Defendants' motion for stay pending appeal is **GRANTED**. An appropriate Order was executed on June 1, 2009.

William J. Martini, U.S.D.J.